UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLY CASH,<br><br>       Plaintiff,<br><br>    v.<br><br>RED BALLOON RESTAURANT, et al.,<br><br>       Defendants. | Case No. 14-cv-02545-KAW<br><br>ORDER DENYING DEFENDANT AARON LANG'S MOTION TO DISMISS; ORDER TO SHOW CAUSE<br><br>Dkt. No. 16 |

On September 5, 2014, Defendant Aaron Lang filed a motion to dismiss Plaintiff Holly Cash's complaint for failure to join indispensable parties under Federal Rule of Civil Procedure 12(b)(7). (Def.'s Mot. to Dismiss, Dkt. No. 16 at 1.) Specifically, Defendant contends that Plaintiff's failure to serve named defendants and co-owners of the real property located at 2763 Mission Street, Terry Lang and Elaine Lang, is grounds for dismissal. *Id.*

Upon review of the parties' papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES Defendant's motion to dismiss.

## I. BACKGROUND

On June 3, 2014, Plaintiff Holly Cash filed a complaint alleging denial of access under Title III of the Americans with Disabilities Act and California law. (*See* Compl., Dkt. No. 1.) Plaintiff, a wheelchair user, claims that she was denied access to Red Balloon Restaurant, located at 2763 Mission Street, San Francisco, California, and is seeking both injunctive and monetary relief. (*See* Compl. ¶ 7.) Plaintiff has successfully served Defendant Ana Teresa Garcia (an individual doing business as Red Balloon Restaurant) and Defendant Aaron Lang, who is a part-owner/landlord of the property leased to Ms. Garcia. The other named landlord defendants, Terry

Lang and Elaine Lang, had not been served by the date this motion was filed.

On September 5, 2014, Defendant Aaron Lang filed a motion to dismiss for failure to join Terry Lang and Elaine Lange as indispensable parties pursuant to Rule 12(b)(7).[1,2]  Plaintiff filed her opposition on September 22, 2014. (Pl.'s Opp'n, Dkt. No. 19.)  Defendant filed a reply on September 29, 2014. (Def.'s Reply, Dkt. No. 20.)

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(7), a party may move to dismiss a case for "failure to join a party under Rule 19."  Rule 19 imposes a three-step inquiry: (1) whether the absent party is necessary (i.e., required to be joined if feasible) under Rule 19(a); (2) if so, whether it is feasible to order that absent party to be joined; and (3) if joinder is not feasible, whether the case can proceed without the absent party, or whether the absent party is indispensable such that the action must be dismissed. *Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012).  "Necessary" refers to a party who should be joined if feasible; and "indispensable" refers to "a party whose participation is so important to the resolution of the case that, if the joinder of the party is not feasible, the suit must be dismissed." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 867 n. 5 (9th Cir. 2004).

The failure to join a party under Rule 19 can only lead to dismissal of a suit where the court cannot obtain jurisdiction over the necessary party and that party is determined to be indispensable to the action. *See* Fed. R. Civ. P. 19(a).  The moving party bears the burden in producing evidence in support of the motion. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).

## III. DISCUSSION

**A.  Merits of Motion to Dismiss under Rule 12(b)(7)**

Defendant Aaron Lang claims that Plaintiff's failure to serve the remaining named

---

[1] Defendant Aaron Lang improperly noticed the original motion, and filed an amended notice of motion to dismiss on September 6, 2014. (Dkt. No. 17.)
[2] Defendant's chambers copy of his motion improperly utilized sticky notes instead of proper exhibit tabs. (*See* Judge Westmore's General Standing Order ¶ 4.)  The Court trusts that this error will not be repeated.

2

defendants with interest in the real property requires the dismissal of this action pursuant to Rule 12(b)(7), because she seeks injunctive relief in the form of compelling the restaurant to make modifications to make it accessible to people with disabilities. (Def.'s Mot. at 2-3.) As an initial matter, the Americans with Disabilities Act holds owners and operators of places of public accommodation jointly and severally liable for the failure to identify and remove architectural barriers to access. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 833 (9th Cir. 2000). While Defendant Aaron Lang claims to only own an 8.33% interest in the property, he does not provide any information nor submit any contracts or lease agreements that determines the allocation of responsibility for ADA compliance. Instead, he vaguely states that he does not "have standing or legal authority to force changes to the property because [he does not] have a majority controlling interest." (Decl. of Aaron Lang, Dkt. No. 16-1 ¶ 2.) This is not sufficient to support his contention that the unserved landlord tenants are necessary, let alone indispensable, particularly when the tenant can be liable for all improvements, which would provide Plaintiff with an adequate remedy. *Makah Indian Tribe*, 910 F.2d at 560.

Moreover, Rule 19 is not implicated here, because Terry Lang and Elaine Lang are already named defendants, and there is no indication that the Court will not obtain jurisdiction once they are properly served. *See* Fed. R. Civ. P. 19(a). Only when an absent party is necessary and cannot be joined must the court determine whether the case should be dismissed under Rule 19(b). *See, e.g., Makah Indian Tribe*, 910 F.2d at 559. Thus, Defendant's claim that Rule 19(b) is implicated, and requires dismissal, is incorrect, because Terry Lang and Elaine Lang <u>can</u> be joined, and, in fact, are parties, but have not yet been served. (Def.'s Mot. at 3.) Accordingly, the Court must deny Defendant's motion to dismiss pursuant to Rule 12(b)(7).

**B. Plaintiff's Failure to Serve Other Landlord Defendants**

Nonetheless, Defendant's complaint regarding Plaintiff's failure to serve the remaining landlord defendants, and failure to file an administrative motion for an extension of time to do so, has merit. Plaintiff is ordered to show cause within 14 days of this order why she has not served all landlord defendants and has not sought additional time to effect service pursuant to Civil Local Rule 7-11.

## IV. CONCLUSION

In light of the foregoing, Defendant Aaron Lang's motion to dismiss is DENIED, and he shall file an answer to the complaint within 14 days of this order.

Additionally, Plaintiff Holly Cash is ordered to show cause within 14 days of this order why she has not served all landlord defendants and has not sought additional time to effect service pursuant to Civil Local Rule 7-11.

IT IS SO ORDERED.

Dated: November 3, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge